IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAY VALLEY FOODS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23 C 14524 |
| FFI GROUP, LLC and KRAMER CORPORATION OF GA, | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bay Valley Foods, LLC, has sued FFI Group, LLC and Kramer Corporation of GA on claims arising from the sale of dehydrated chopped onions. Bay Valley alleges that FFI and Kramer breached their contracts with Bay Valley, as well as certain warranties, when they delivered onions contaminated with metal fragments. FFI has moved to reconsider the Court's grant of summary judgment in favor of Bay Valley as to liability on counts 2 and 4 of its amended complaint.

Background

The Court summarizes the facts and procedural history, which are presented in detail in the Court's opinion on the motions for summary judgment. *Bay Valley Foods, LLC v. FFI Grp., LLC*, No. 23 C 14524, 2025 WL 2257356, at *1 (N.D. Ill. Aug. 7, 2025). Bay Valley is an Illinois-based food manufacturer of private label foods and beverages. This case originates from Bay Valley's allegations that it received dehydrated onions that were contaminated with metal fragments. It then unknowingly incorporated those

onions into salsa that was distributed to the public. The onions were delivered to Bay Valley after passing through a supply chain that, according to Bay Valley, included FFI and Kramer.[1] The original sources of these onions were two India-based producers, Fivestar Dehydration Private Ltd. and Pardes Quick Foods & Dehydration Private Ltd. Relevant here, FFI owed certain warranties to Bay Valley related to the delivery of the onions.

Several customers complained about purchasing salsa manufactured at Bay Valley's Kentucky facility that contained fragments of metal wire, roughly an inch long. Due to these complaints, Bay Valley halted production and distribution of the salsa to investigate where the contamination had occurred, leading to discovery of metal fragments in previously-unopened containers of dehydrated chopped onions. After its investigation, Bay Valley informed FFI that the metal fragments were roughly one inch in length and visible to the naked eye. Following a screening for mental fragments, Bay Valley eventually returned some unopened containers of onions and released the finished salsa for sale.

Bay Valley then filed the present action against Kramer and FFI. Bay Valley seeks damages related to the returned onions, the testing involved determining the source of contamination, and other losses resulting from the delays in producing and distributing the finished salsa. Bay Valley moved for partial summary judgment, specifically on the issue of liability, and the Court granted its motion for summary judgment on count 2—a claim for breach of FFI's express warranties—and count 4—a

---

[1] FFI does not argue that Kramer's role is relevant for purposes of FFI's motion to reconsider.

2

claim for breach of FFI's implied warranty of merchantability—of Bay Valley's amended complaint. *Bay Valley Foods*, 2025 WL 2257356, at *18.

## Discussion

Rule 59(e) does not govern FFI's motion. Instead, FFI's motion is a common law motion for reconsideration. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration is appropriate if the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

FFI argues that the Court erred when it granted summary judgment in favor of Bay Valley on counts 2 and 4. FFI challenges only the Court's holding that no reasonable jury could find that the defense of prevention applies in this case. It appears that FFI argues that there was a genuine factual dispute precluding summary judgment on this defense based on the same contention: Bay Valley would have rejected the onion containers if they had been opened when they were delivered.[2] Because FFI asserts the same arguments regarding both counts, the Court addresses them together.

"In contract law, the general principle known as the doctrine of prevention provides that, 'if one party to a contract hinders, prevents, or makes impossible

---

[2] FFI's motion seeks reconsideration of the grant of summary judgment on counts 2 and 4 but its memorandum of law in support broadly argues that the court erred by disregarding FFI's asserted prevention doctrine defense on "the breach of contract claim." FFI's Mem. of L. at 4.

3

performance by the other party, the latter's failure to perform will be excused.'" *Tabatabai v. W. Coast Life Ins. Co.*, 664 F.3d 663, 666 (7th Cir. 2011) (citation omitted); *see also Barrows v. Maco, Inc.*, 94 Ill. App. 3d 959, 966, 419 N.E.2d 634, 639 (1981) ("A party to a contract may not complain of the nonperformance of the other party where that performance is prevented by his own actions.").

FFI's request for reconsideration of the grant of summary judgment on counts 2 and 4 lacks merit. FFI argues that the Court "erred by disregarding FFI's evidence demonstrating its entitlement to the prevention doctrine as a defense[.]" FFI's Mem. of L. at 4. In support of this argument, FFI asserts that the prevention doctrine applies when a plaintiff hinders a defendant's performance of a contract, regardless of whether a plaintiff renders it impossible. But FFI ignores that the doctrine of prevention applies only where a party took some sort of affirmative action that caused the nonoccurrence of a required condition. *Tabatabai*, 664 F.3d at 666 ("the doctrine prohibits a party from escaping liability on the ground that a condition precedent has not been met where that party has caused the failure of the condition").

FFI argues that *Solidarity Ltd. v. JeffEx, LLC*, No. 20 C 1456, 2023 WL 2683215, at *7 (N.D. Ill. Mar. 29, 2023), "recognizes that hindrance as well as impossibility are recognized aspects of the defense." FFI's Mem. of L. at 4. In *Solidarity Ltd.,* the court held that no jury could find the doctrine of prevention defense applied because the plaintiff's actions did not prevent the defendants from repaying the loans at issue. *Solidarity*, 2023 WL 2683215, at *6-7. In reaching this conclusion, the court explained that the prevention doctrine applies "*only if the failure to perform was not caused by the prevented party's own inability to perform.*" *Id.* at *7.

4

FFI also argues that *First Merit Bank, N.A. v. Little*, No. 13 C 3672, 2015 WL 14073178, at *5 (N.D. Ill. Mar. 30, 2015), "explicitly held that 'the doctrine of prevention applies not only where the plaintiff rendered the defendant's performance impossible, but also where the plaintiff's 'hindrance or failure to cooperate' prevented the defendant's performance.'" FFI's Mem. of L. at 4. In *First Merit Bank*, the court stated that there was a genuine factual dispute regarding a prevention defense because the defendant offered evidence that the plaintiff's hindrance or lack of cooperation prevented the defendant from paying her balance due under the parties' settlement agreement. *Id.* at *5. The defendant asked the plaintiff for financial documents that would enable her to determine her balance due, but the defendant refused to provide them. *First Merit Bank*, 2015 WL 14073178, at *5. The court concluded that there was a genuine factual dispute regarding whether the plaintiff's refusal or failure to provide the defendant with this documentation prevented her from paying the balance she owed on the contract. *Id.*

FFI argues that the doctrine of prevention applies here, contending that Bay Valley's "refusal to allow FFI to inspect the sealed containers prevented it from performing its obligations under the guarantees." FFI's Mem. of L. at 4. But each of the cases FFI cites recognize that the doctrine of prevention defense only applies where the other party took some form of affirmative action that actually caused the other party's nonperformance of the required condition. *Solidarity*, 2023 WL 2683215, at *7; *First Merit Bank*, 2015 WL 14073178, at *5; *see also Lopez v. Pactiv Corp.*, No. 11 C 4599, 2013 WL 4008626, at *5 (N.D. Ill. Aug. 5, 2013) (finding a reasonable jury could conclude the prevention doctrine applied because there was evidence that one party

5

caused the other party's failure to perform); *Capuano v. Consol. Graphics, Inc.*, No. 06 C 5924, 2007 WL 2688421, at *6 (N.D. Ill. Sept. 7, 2007) (discussing cases that held that the prevention doctrine may apply where one party's actions preclude performance by the other party).

FFI solely relies on evidence that Bay Valley would not have accepted onions that were opened. It contends this hindered its ability to ensure the onions were unadulterated. But FFI has provided no evidence that Bay Valley's requirement that the containers be sealed when delivered caused—in any way—FFI's ability to ensure the quality of the onions complied with the warranties it owed to Bay Valley. As Bay Valley points out, FFI could have instituted controls at the point of manufacture and packaging; could have required pre-shipment testing; or could have done x-ray or metal detection at the point of origin. And FFI does not point to anything post-contract that Bay Valley actually did that prevented, or hindered, FFI's performance. FFI's real complaint seems to be with the contract terms that it agreed to, not with anything Bay Valley actually did to hinder or prevent FFI from performing its obligations.

FFI also says that because the doctrine of prevention is a fact-intensive inquiry, the Court erred in granting summary judgment. Not so. The proposition that a particular question is fact-intensive does not relieve a party opposing summary judgment to point to evidence that gives rise to a dispute of material fact *in the particular case*. Here FFI failed to do just that.

FFI further contends that "the Court apparently accepted Bay Valley's unsupported conjecture about viable alternatives and what FFI could and should have done." FFI's Mem. of L. at 12. This is incorrect. The Court noted that FFI could have

6

made arrangements to inspect the onions, or have them inspected, before shipment. *Bay Valley Foods*, 2025 WL 2257356, at *14. There was nothing speculative about that at all. It was simply an illustration of the point that no reasonable jury could find that anything that Bay Valley did prevented or hindered FFI's ability to perform on its warranties, and thus the prevention doctrine does not apply.

Finally, FFI contends, for the first time, that the Court inappropriately failed to shift the burden from FFI to Bay Valley to offer proof that FFI could have inspected the onions without opening sealed containers. But FFI did not raise this argument in its original briefs; it therefore forfeited the point. *Darif v. Holder*, 738 F>3d 329, 336 (7th Cir. 2014). But even if FFI had not forfeited the argument, it would be unpersuasive. FFI raised the prevention doctrine as an affirmative defense and therefore had the burden of providing *some* evidence that would allow a reasonable jury to find in its favor. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). It did not.

## Conclusion

In conclusion, the Court denies FFI's motion for reconsideration [dkt. no. 110]. A telephonic status hearing remains set for November 10, 2025 at 9:05 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

```
                              _____
                              MATTHEW F. KENNELLY
                              United States District Judge
```

Date: November 5, 2025